UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

EMERALD MULTISPECIALTY P.A.,

     Plaintiff,

vs.

AETNA HEALTH AND LIFE INSURANCE
CO., AETNA HEALTH ASSURANCE
PENNSYLVANIA, INC., AMERICAN
CONTINENTAL INSURANCE CO.,
AETNA BETTER HEALTH OF FLORIDA,
INC., MERITAIN HEALTH,

     Defendants.

_____/

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Aetna Health and Life Insurance Co.; Aetna Health Assurance Pennsylvania, Inc.; American Continental Insurance Co.; Aetna Better Health of Florida, Inc.; and Meritain Health ("Aetna") remove the above-styled action brought by Plaintiff Emerald Multispecialty P.A. ("Plaintiff") from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-25-002412 to the Fort Lauderdale Division of the Southern District of Florida. The grounds in support of this notice of removal are as follows:

## INTRODUCTION

1.    Plaintiff filed suit against Aetna in the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-25-002412 (the "State Court Action") seeking to enforce a purported right to a clear and final administration regarding Aetna's alleged "wrongful[] refus[al] to pay and reimburse Plaintiff for claims at billed charges." True and correct copies of Plaintiff's Complaint, the summonses received by Aetna, the returns of service, Aetna's counsel's notice of

appearance, and Aetna's unopposed motion for enlargement of time which constitute all pleadings, processes, and orders received by Aetna in this matter, are attached to this notice of removal as **Composite Exhibit 1**.

2.     Florida's Chief Financial Officer forwarded a copy of Plaintiff's Complaint to Defendants Aetna Health and Life Insurance Company and American Continental Insurance Company on or about February 26, 2025. CT Corporation System forwarded a copy of Plaintiff's Complaint to Defendants Aetna Health Assurance Pennsylvania, Inc.; Aetna Better Health of Florida, Inc.; and Meritain Health on or about February 26, 2025. *See* Returns of Service, which are attached to this notice of removal as **Composite Exhibit 2**. This was the first date on which Aetna received a copy of Plaintiff's Complaint or any other papers in the above styled action.

3.     Venue is proper in the Fort Lauderdale Division of the Southern District of Florida because the Circuit Court in which the action is pending is within the jurisdiction of the district. See 29 U.S.C. § 1446(a).

**BASIS FOR REMOVAL – ERISA COMPLETE PREEMPTION
RAISES A FEDERAL QUESTION**

4.     Plaintiff's Complaint necessarily raises a federal claim in character because ERISA completely preempts the alleged state law claims where, among other reasons, the claims challenge a benefit determination (*i.e.*, "right to pay") arising from a self-funded, ERISA-governed health benefits plan. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209–211 (2004) (claim falls within the scope of 29 U.S.C. § 1132(a) and is completely preempted by ERISA if (1) the plaintiff, at some point in time, could have brought the claim under ERISA, and (2) there is no other legal duty independent of ERISA or the plan's terms that is implicated by a defendant's actions). *See also* 29 U.S.C. § 1144(a); *Davila*, 542 U.S. at 209 ("[A]ny state-law cause of action that duplicates,

supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and therefore pre-empted.").

5.     As explained in more detail below, the State Court Action may therefore be removed to this Court because it is completely preempted by ERISA such that it arises under the laws of the United States.

6.     Specifically, the Complaint alleges that "multiple claims were submitted to [Aetna]" for services provided to "Members of [Aetna who] . . . receive health benefits from [Aetna] through health insurance policies issued and/or administered by [Aetna]" but Aetna has "wrongfully **refused to pay and reimburse** Plaintiff for the Claims at billed charges." *See, e.g.*, Composite Exhibit 1 at Compl., ¶¶ 14-15, 20 (emphasis added).

7.     Plaintiff expressly contends that there "is no basis for **denial or non-payment** of the claims at issue" and such "**denial** was in contravention of the Policy, in that, the Insured is entitled to payment of benefits under the policy for services received at the Practice." Composite Exhibit 1 at Compl., ¶¶ 24, 46 (emphasis added).

8.     The allegations incorporated into Counts I and II of Plaintiff's Complaint expressly contend that there "is no basis for denial or non-payment of the [over 200] claims at issue." Composite Exhibit 1 at Compl., ¶ 24. Moreover, in Count II of Plaintiff's Complaint, Plaintiff expressly contends that "denial was in contravention of the Policy, in that, the Insured is entitled to payment of benefits under the policy for services received at the Practice." *Id.* at ¶ 46.

9.     As evidenced by Exhibit A to the Complaint, *all* the claims at-issue are "zero-pays" wherein Aetna reimbursed none of the billed charges submitted by Plaintiff. *See* Composite Exhibit 1 at Compl., Exh. A.

10.     There is not enough information provided in the Complaint's Exhibit A for Aetna

to specifically identify the majority of the medical claims Plaintiff purports put at issue. *See* Declaration of Amanda Baldassario, which is attached to this notice of removal as **Exhibit 3**, ¶ 8.

11.     Aetna was nevertheless able to identify four medical claims on Exh. A to the Complaint that are self-funded health benefits plans governed by ERISA.[1] Based on just this small sampling of claims that Aetna was able to match from Plaintiff's inadequate "claims list" attached to its Complaint as Exh. A, at least the following medical claims for reimbursement were made against a self-funded, ERISA-governed health benefit plan:

| Primary insurance short name | Aetna | | | | | | |
|---|---|---|---|---|---|---|---|
| **Billing company (full name)** | **Patient name** | **Patient ID** | **Service ID** | **DoS** | **CPT** | **Sum of Charge** | **Sum of Payment from pri. ins.** | **Sum of Amount Due** |
| Emerald Multispecialty PA | | 219492 | 2870251 | 6/15/2022 | M0223 | $1,500.00 | $0.00 | $1,500.00 |
| | | 276776 | 3249253 | 1/19/2022 | 0 | $0.01 | $0.00 | $0.01 |
| | | 139629 | 1507824 | 1/19/2022 | M0244 | $8,000.00 | $0.00 | $8,000.00 |
| | | 139050 | 3151612 | 8/24/2022 | M0223 | $1,500.00 | $0.00 | $1,500.00 |
| | | 199713 | 2579710 | 4/7/2022 | M0223 | $1,120.50 | $0.00 | $1,120.50 |
| | | 264833 | 3151926 | 8/24/2022 | 87811 | $80.00 | $0.00 | $80.00 |
| | | | | | 99211 | $98.00 | $0.00 | $98.00 |
| | | 210226 | 2736051 | 5/18/2022 | M0223 | $0.00 | $0.00 | $1,500.00 |
| | | 123632 | 1441864 | 12/26/2021 | M0244 | $8,000.00 | $0.00 | $8,000.00 |
| | | 210286 | 2737850 | 5/19/2022 | M0223 | $1,500.00 | $0.00 | $1,500.00 |
| | | 246819 | 3028812 | 7/27/2022 | M0223 | $1,500.00 | $0.00 | $1,500.00 |
| | | 242453 | 3011414 | 7/22/2022 | M0223 | $1,500.00 | $0.00 | $1,500.00 |
| | | 208389 | 2707869 | 5/9/2022 | M0223 | $1,500.00 | $0.00 | $1,500.00 |
| | | 125145 | 1560505 | 1/4/2022 | 87811 | $80.00 | $0.00 | $80.00 |
| | | | | | 99211 | $98.00 | $0.00 | $98.00 |
| | | 225116 | 2939523 | 6/26/2022 | M0223 | $1,500.00 | $0.00 | $1,500.00 |
| | | 225121 | 2939533 | 6/26/2022 | M0223 | $1,500.00 | $0.00 | $1,500.00 |
| | | 242204 | 3010637 | 7/20/2022 | M0223 | $1,500.00 | $0.00 | $1,500.00 |
| | | 147101 | 1537575 | 1/17/2022 | 87811 | $80.00 | $0.00 | $80.00 |
| | | | | | 99211 | $98.00 | $0.00 | $98.00 |
| | | 223457 | 2925828 | 6/28/2022 | M0223 | $1,500.00 | $0.00 | $1,500.00 |
| | | 191567 | 2760526 | 5/8/2022 | 87811 | $80.00 | $0.00 | $80.00 |
| | | | | | 99211 | $98.00 | $0.00 | $98.00 |
| | | 341805 | 1618517 | 2/1/2022 | 87811 | $80.00 | $0.00 | $80.00 |
| | | | | | 99211 | $98.00 | $0.00 | $98.00 |
| | | 242249 | 3010820 | 7/22/2022 | M0223 | $1,500.00 | $0.00 | $1,500.00 |

**Exhibit 3**, ¶ 9.

12.     At least each of these four challenged medical claims were denied by the fiduciary charged with administering the benefits of self-funded, ERISA-governed health plans. **Exhibit 3**,

---

1.     Aetna provides a variety of different products and services for their clients and their employees and/or members. These include more traditional insurance products that provide healthcare benefits that are "fully insured" by or on behalf of Aetna. Aetna also provides administrative services where Aetna merely prices and otherwise administers benefits pursuant to the terms of a health plan that are self-funded by the client – and not "insured" by or on Aetna's behalf at all.

¶ 10.

13.     Given that at least fifty percent (50%) of the medical claims Aetna processes relate to benefits in self-funded, ERISA-governed health plans, there is a good faith basis on the face of the Complaint (and its exhibits) to conclude that it is more likely than not that Plaintiff intends to put additional medical claims that are completely pre-empted by ERISA at issue in this dispute. *See* **Exhibit 3**, ¶¶ 7, 11 & 12.

14.     Applying this statistic to the over 200 "zero-pay" claims identified in Exhibit A to Plaintiff's Complaint makes clear that at least one of the additional claims in controversy, beyond the four Aetna already identified above, is/are governed by ERISA. **Exhibit 3, ¶¶** 8-9; *Apex Toxicology, LLC v. United Healthcare Ins. Co.*, No. 16-62768-CIV, 2017 WL 7806152, at *7 (S.D. Fla. June 26, 2017) (denying motion to remand) ("The plaintiff's breach of implied-in-law contract/unjust enrichment claim (Count I) is not based on a duty independent of ERISA because it alludes to the existence of health plans. . . . All of the plaintiff's state law claims are premised on the defendant's refusal to pay benefits."). *See also Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1338 (11th Cir. 2015) (denying motion to remand) ("[D]espite Gables's efforts to distance its claims from the ERISA plan, each count is based expressly on Florida Blue's alleged breach of the ERISA-regulated employee health benefits plan—that is, an alleged wrongful denial of coverage under the plan.").

15.     Similar to both *Apex* and *Gables*, Plaintiff alleges implied-in-fact and declaratory judgment claims premised on Aetna's purported wrongful denials (*i.e.*, "zero-pays") for the claims identified in Exhibit A of the Complaint, but such effort to distance the claims from ERISA fails because the claims more than likely relate to an ERISA plan for *at least* one of the 200 claims at-

issue.[2]

16.     Thus, Plaintiff's allegations against Aetna relate to a dispute over a purported right provided by an ERISA-governed plan to clear and final administration of a medical claim. *See, e.g.*, **Composite Exhibit 1** at Compl., ¶¶ 20, 24, 31; *Davila*, 542 U.S. at 209–211. *See also* 29 U.S.C. § 1144(a).

## REMOVAL IS TIMELY

17.     This notice of removal is timely pursuant to 28 U.S.C. § 1446(b)(1). The State Court Action is being removed within thirty days after Florida's Chief Financial Officer and CT Corporation System served the summonses upon Aetna on February 26, 2025, which was the first day Aetna received a copy of the initial pleading or any other papers in this matter.

18.     This removal was therefore timely filed within thirty days of Aetna's first receipt of any notice of the Complaint as required under 28 U.S.C. § 1446(b)(1).

## STATE COURT NOTICE

19.     Promptly after filing this notice of removal, Aetna will file and serve written notice to Plaintiff that the matter has been removed and a copy of this notice of removal will be filed with the Circuit Clerk of Broward County, Florida. *See* Notice of Filing Notice of Removal, which is attached to this notice of removal as **Exhibit 4**.

---

2.     Put another way, the Complaint's allegations assert that this is a dispute over Aetna's "refusal to pay" certain claims. Although the claims are insufficiently identified on Exh. A to the Complaint such that Aetna cannot match them within its own data, the Complaint's exhibit makes clear on its face that all the over 200 claims listed are for "zero pays," most if not all of which are likely denials. Thus, given that at least 50% of the claims for reimbursement that Aetna processes are for claims made against self-funded, ERISA-governed plans, it is more likely than not that at least one of the 200 claims' denials Plaintiff listed on Exh. A to its Complaint involved a benefits determination of an ERISA-governed health plan. On this basis, Aetna removed this matter to ensure that their removal rights are preserved notwithstanding Plaintiff's failure to sufficiently identify the claims it intends to put at issue.

## CONCLUSION

20.     For the foregoing reasons, Aetna removes to this Court the above-captioned action

from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No.

CACE-25-002412, to the Fort Lauderdale Division of the Southern District of Florida.

Dated:  March 28, 2025                              Respectfully submitted,


                                                    *s/ David J. DePiano*
                                                    DAVID J. DePIANO, ESQ.
                                                    Florida Bar No. 55699
                                                    Email:  ddepiano@foxrothschild.com
                                                    SAMANTHA KUNIN, ESQ.
                                                    Florida Bar No. 1039990
                                                    Email: skunin@foxrothschild.com
                                                    Fox Rothschild LLP
                                                    777 S. Flagler Dr., Suite 1700
                                                    West Palm Beach, FL  33401
                                                    Tel: (561) 835-9600
                                                    Fax: (561) 835-9602

                                                    *Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 28, 2025, the foregoing document was electronically

filed and served on all counsel of record identified in the Service List below via email.


                                                    *s/ David J. DePiano*
                                                    DAVID J. DePIANO, ESQ.

## SERVICE LIST

*Emerald Multispecialty P.A. v. Aetna Health and Life Insurance Co., et al.*
Case No. _____
United States District Court, Southern District of Florida

Maria T. Santi, Esq.
Email: msanti@healthandmedicinelawfirm.com
Health and Medicine Law Firm
8950 SW 74th Court, Suite 2201
Miami, FL 33156
Tel: (305) 677-2292
Fax: (305) 677-2306
Attorney for Plaintiff
*Via Email*

David J. DePiano, Esq.
Email:  ddepiano@foxrothschild.com
Samatha Kunin, Esq.
Email: skunin@foxrothschild.com
Fox Rothschild LLP
777 S. Flagler Dr., Suite 1700
West Palm Beach, FL 33401
Tel: (561) 835-9600
Fax: (561) 835-9602
Attorneys for Defendants
*Via Email*